IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 DEC 28  PM 3: 15

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| PARAGON SYSTEMS, INC. | ) ) ) |
| Defendant. | ) ) ) |

CIVIL ACTION NO.

04-3513

COMPLAINT
SECT. D MAG. 4

JURY TRIAL DEMAND

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Ms. Nekita Barjon and Mr. Sean C. Johnson who were adversely affected by such practices. The Commission alleges that Nekita Barjon was sexually harassed by Captain Henry Bianchini, her immediate supervisor and Donald Lyons, a co-worker. Ms. Barjon complained about the behavior of both men to Charlie Allbritten, Director of Security operations and to fellow employees. The Commission further alleges that in retaliation for filing the sexual harassment complaint, the Respondent transferred Ms. Barjon to the least desirable shift (midnight to 8:00 a.m.). Three weeks after she e-mailed her sexual harassment complaint, Ms. Barjon was discharged.

The Commission also alleges that, the Respondent retaliated against Mr. Sean C. Johnson, a Paragon Systems security guard and a co-worker of Ms. Barjon, after he gave testimony during the company's internal investigation which supported Ms. Barjon's complaint. Following his

Fee
Process
X Dktd
CtRmDep
Doc. No

statement, Captain Bianchini who was also Mr. Johnson's supervisor, began to retaliate against Mr. Johnson and later discharged him.

The Commission's allegations on behalf of both individuals are discussed in greater particularity in paragraph 12 below.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a..

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Louisiana.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 20003-5(f)(1) and (3).

4. At all relevant times, Defendant, Paragon Systems, Inc. (the "Employer"), has continuously been an Alabama corporation doing business in the State of Louisiana and the City of New Orleans, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

11. More than thirty days prior to the institution of this lawsuit, Ms. Nikita Barjon and Mr. Sean C. Johnson filed charges with the Commission alleging violations of Title VII by Defendant Paragon Systems, Inc. All conditions precedent to the institution of this lawsuit have been fulfilled.

12. Since at least April 30, 2003, Defendant Paragon Systems, Inc. has engaged in unlawful employment practices at the U. S. Coast Guard station located in New Orleans, LA, in violation of Section 703(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a) and §2000e-3(a). Specifically:

> A. Ms. Nekita Barjon, a security officer employed by the Defendant since April 30, 2003, was sexually harassed by her immediate supervisor, Captain Henry Bianchini, Paragon System's Inc.'s contract manager at the U. S. Coast Guard station and Donald Lyons, a co-worker of Ms. Barjon's, and a subordinate employee of Capt. Bianchini's. Said harassment included but is not limited to inappropriate sexual statements, constant requests for dates, and inappropriate and unwarranted touching.

> B. Ms. Barjon complained about the behavior of both men to Charlie Allbritten, Director of Security operations and to fellow employees. As a result of her complaints, the Defendant transferred Ms. Barjon to the least desirable shift (midnight to 8:00 a.m.). Three weeks after she e-mailed her sexual harassment complaint to human resources, the Defendant discharged Ms. Barjon.

> C. With regard to the unlawful employment practices that were committed against Mr. Sean Johnson, the Commission alleges that, following the Defendant's " investigation," of the sexual harassment complaint filed by Ms. Barjon, Mr. Johnson, was discharged because he gave testimony which supported her complaints of sexual harassment.

13. The effects of the practices complained of in paragraph 12 above have been to deprive Ms. Nekita Barjon and Mr. Sean C. Johnson of equal employment opportunities and to otherwise adversely affect their status as employees, because of Ms. Barjon's sex and because of Ms.

Barjon's and Mr. Johnson's opposition to practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended.

14. The unlawful employment practices complained of in paragraph 12 above were intentional.

15. The unlawful employment practices complained of in paragraph 12 were done with malice or with reckless indifference to the federally protected rights of Ms. Nekita Barjon and Mr. Sean C. Johnson.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Paragon Systems, Inc., its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, retaliation, and any other employment practice which discriminate on the basis of sex and retaliation..

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and for employees who participate or oppose unlawful employment practices and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Nekita Barjon and Sean C. Johnson by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including but not limited to compensatory and punitive damages.

G. Order Defendant Employer to make whole Nekita Barjon and Sean C. Johnson, by

providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12, including but not limited to job search expenses in amounts to be determined at trial.

H. Order Defendant Employer to make whole Nekita Barjon and Sean C. Johnson, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 12 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

I. Order Defendant Employer to pay Nekita Barjon and Sean C. Johnson punitive damages for its malicious and reckless conduct described in paragraph 12 above, in amounts to be determined at trial.

J. Grant such further relief as the Court deems necessary and proper in the public interest.

K. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

ERIC DRIEBAND
General Counsel

JAMES LEE
Associate General Counsel

GWENDOLYN Y. REAMS
Deputy General Counsel

_____
KEITH T. HILL
Regional Attorney
Bar Roll No.: 15200000

_____
MICHELLE T. BUTLER
Supervisory Trial Attorney
E.D. Bar Roll No.: 1286

_____
LILLIAN M. THORNTON
Senior Trial Attorney
E.D. Bar Roll No.: 25525

EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
New Orleans District Office
701 Loyola Avenue, Suite 600
New Orleans, LA 70113
Tel:    (504) 589-3844 (Hill)
        (504) 589-6942 (Butler)
        (504) 589-2086 (Thornton)
FAX:    (504) 589-2805

**COUNSEL FOR PLAINTIFF,**
**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**

**REGISTERED AGENT FOR**
**SERVICE OF PROCESS:**

C. T. Corporation System
8550 United Plaza Blvd.
Baton Rouge, LA 70809